UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. **00-6082 CR-FERGUSON**
MAGISTRATE JUDGE SNOW

21 U.S.C. §846
21 U.S.C. §841(a)(1)
21 U.S.C. §853
18 U.S.C. §2

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD and
RYAN EVANS CREECH,

    Defendants.
_____/



## INDICTMENT

The Grand Jury charges that:

### COUNT I

From on or about June 2, 1999 through on or about March 1, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD and
RYAN EVANS CREECH,



did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury, to possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of methylenedioxymethamphetamine (MDMA), in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

## COUNT II

On or about March 1, 2000, at Broward County, in the Southern District of Florida, the defendants,

> ROBBIE ACEVEDO,
> WILLIAM ERIC CRAWFORD and
> RYAN EVANS CREECH,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of methylenedioxymethamphetamine (MDMA); in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## FORFEITURE

1.   Counts One and Two of this Indictment are hereby incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of the Title 21 felony offenses alleged in Counts One and Two of this Indictment, pursuant to Title 21, United States Code, Section 853, the United States of America is entitled to forfeiture of, and the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD and
RYAN EVANS CREECH,

or any of them, shall forfeit to the United States of America, the following:

A. <u>Proceeds</u>. Any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the Title 21 offenses described in this Indictment.

B. <u>Facilitating Property</u>. Any of the Defendants' property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, any Title 21 offense described in this Indictment, including but not limited to the following:

> Approximately Twenty Two Thousand Eight Hundred Seventy Eight Dollars ($22,878) in U.S. currency, in that such sum in aggregate was furnished or intended to be furnished in exchange for a controlled substance or used or intended to be used to facilitate any violation of Title 21.

C. <u>Substitute Assets</u>. If any of the property described above, as a result of any act or omission of the Defendants or any of them (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party: (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then pursuant to Title 21, United States Code, Section 853(p), to the extent necessary to effectuate the forfeitures contemplated in this Count, the United States of America intends to obtain an order of forfeiture of

any other property of the Defendants up to the value of any property described above which is unavailable for the reasons set forth in this paragraph.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
ROGER W. POWELL
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA         CASE NO. _____

v.

ROBBIE ACEVEDO, et al            **CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

New Defendant(s)        Yes ___  No ___
Number of New Defendants     ___
Total number of counts       ___

___ Miami   ___ Key West
_X_ FTL     ___ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) _NO_
   List language and/or dialect  _English_

4. This case will take _3_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                        (Check only one)

   I    0 to 5 days        _X_        Petty     ___
   II   6 to 10 days       ___        Minor     ___
   III  11 to 20 days      ___        Misdem.   ___
   IV   21 to 60 days      ___        Felony    _X_
   V    61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _NO_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

_Roger W. Powell_
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Court Bar No. 341411

*Penalty Sheet(s) attached                                          REV.4/7/99

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: ROBBIE ACEVEDO          No.:_____

Count #I:
Conspiracy to possess with intent to distribute Methylenedioxymethamphetamine
Title 21, U.S.C. §§841(a)(1) and 846
*Max Penalty:   Twenty (20) years' imprisonment; $1,000,000 fine.

Count #II:
Possession with intent to distribute Methylenedioxymethamphetamine
Title 21, U.S.C. §841(a)(1)
*Max Penalty:   Twenty (20) years' imprisonment; $1,000,000 fine.

Count # :
_____

*Max Penalty: _____


Count #:
_____

_____

*Max Penalty: _____

Count #:
_____

_____

*Max Penalty: _____
Count # :
_____

_____

*Max Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: __WILLIAM ERIC CRAWFORD__     No.:_____

Count #I:
Conspiracy to posses with intent to distribute Methylenedioxymethamphetamine
Title 21, U.S.C. §§841(a)(1) and 846
*Max Penalty:    Twenty (20) years' imprisonment and a $1,000,000 fine

Count #II:
Possession with intent to distribute Methylenedioxymethamphetamine
Title 21 U.S.C. §841(a)(1)
*Max Penalty:   Twenty (20) years' imprisonment; $1,000,000 fine.

Count #:
_____

*Max Penalty:

Count # :
_____

*Max Penalty:

Count #:
_____

*Max Penalty:

Count # :
_____

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: RYAN EVANS CREECH        No.:_____

Count #I:
Conspiracy to posses with intent to distribute Methylenedioxymethamphetamine
Title 21, U.S.C. §§841(a)(1) and 846
*Max Penalty:     Twenty (20) years' imprisonment and a $1,000,000 fine

Count #II:
Possession with intent to distribute Methylenedioxymethamphetamine
Title 21, U.S.C. §841(a)(1)
*Max Penalty:   Twenty (20) years' imprisonment; $1,000,000 fine.

Count # :
_____
_____

*Max Penalty:_____

Count # :
_____
_____

*Max Penalty:_____

Count #:
_____

*Max Penalty:_____

Count # :
_____
_____

*Max Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96