IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                          CASE NO.: 00-6082-CR-FERGUSON

ROBBIE ACEVEDO                              MAGISTRATE JUDGE: SNOW
      Defendant
_____/

### *MOTION TO TRANSFER DEFENDANT TO HOSPITAL FOR TREATMENT AND MOTION TO DETERMINE COMPETENCE*

COMES NOW the Defendant, ROBBIE ACEVEDO, by and through his attorneys, Bradley A. Goldbloom and RODERMAN & GOLDBLOOM, L.L.P., and pursuant to the Federal Rules of Criminal Procedure and Title 18 USCS § 4241, hereby moves this honorable court to transfer Defendant to a hospital for treatment and hold a hearing to determine the mental competency of Mr. Acevedo. The grounds are as follows:

1. There is reasonable cause to believe that the defendant presently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. On or about Friday, March 31, 2000, pursuant to discussions with the DEA, Mr. Acevedo surrendered to the U.S. Marshall's office.



3. On or about Tuesday, April 4, 2000, Mr. Acevedo was pretrial detained and has remained in the Federal Detention Center (Miami) ever since.

4. On or about Thursday, April 6, 2000, Defendant attempted to commit suicide by slashing his wrist with a razor or sharp object and throwing himself down a stairwell in the detention center.

5. As a result of his actions, Mr. Acevedo has been placed on "suicide watch", and therefore, has been isolated in a cell surrounded by plexi-glass. Inside this cell, there exists a toilet and a bed. There are no sheets or blankets on this bed and Mr. Acevedo is clothed only in underwear.

6. As a result of his fall, it appears as though Mr. Acevedo has suffered a broken leg and possibly a head concussion. There has been blood in Mr. Acevedo's eyes since this fall.

7. Mr. Acevedo was unable to appear for his arraignment on April 11, 2000.

8. With the assistance of the Court, undersigned counsel, for the first time, was permitted to visit with Mr. Acevedo on Wednesday, April 12, 2000. During this visit, counsel was not permitted to go into Mr. Acevedo's cell. Mr. Acevedo was not coherent and could barely hold a conversation. The defendant could not walk, his eyes contained blood and he was shivering the entire time. Mr. Acevedo did not know the current day or month.

9. Undersigned counsel hired Dr. Leonard Haber, who visited Mr. Acevedo on Thursday, April 13, 2000.

10. Dr. Haber is generating a report which will include his opinion that Mr. Acevedo is 100% incompetent, although it could not be determined if the

incompetence was a result of the sedatives being administered to Mr. Acevedo, or whether he suffers from brain damage or mental defect.

11. Dr. Haber noticed the heavy concentration of blood in Mr. Acevedo's eyes and the appearance of a broken leg. According to Dr. Haber, Mr. Acevedo would doze off after a few sentences, because of the heavy sedation.

12. Dr. Haber is in fear that if Mr. Acevedo is not properly treated immediately, he could suffer from permanent brain damage, never regain mental competence, and even die.

13. On an emergency basis, it is imperative for the treating doctors at FDC to disclose Mr. Acevedo's medical condition, the prescribed medication, and the result of any x-rays or MRIs.

14. Thereafter, it is necessary that Mr. Acevedo be transferred to a medical/mental hospital to receive treatment for his physical and mental condition.

15. A psychiatric examination should be ordered an conducted immediately.

WHEREFORE, the defendant, ROBBIE ACEVEDO, respectfully requests that this Honorable Court:

1. Transfer him to a hospital;

2. Order a psychiatric examination on an emergency basis;

3. Order that all medicals be disclosed by the staff at FDC to this Court immediately; and

4. Hold a Competency hearing.

Respectfully submitted,

_____
Bradley A. Goldbloom, Esq. (#0055018)
Attorney For Defendant
Courthouse Square—Suite 201
200 S.E. Sixth Street
Fort Lauderdale, Florida 33301
Ph.  (954) 764-6800
Fax  (954) 779-3908

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April, 2000, a copy of the foregoing Motion was hand delivered to AUSA Roger Powell or another Assistant United States Attorney, in open court.

_____
Bradley A. Goldbloom, Esquire