AO 2458 (Rev. 8/96) Sheet 1 - Judgment In a Criminal Case

# United States District Court

## Southern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**ROBBIE ACEVEDO, (J) 38119-004** | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 0:00CR06082-001<br>Roger Powell, AUSA / Bradley A. Goldbloom, Esq<br>Defendant's Attorney |

FILED by _____ B.C.
DEC 15 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   One of a Fifty Count Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to PWID Methylenedioxymethamphetamine (MDMA) | 03/01/2000 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)   N/A

☒ Count(s) __All Others__ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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<br>Defendant's Date of Birth: 12/27/1971<br>Defendant's USM No.: 38119-004<br>Defendant's Residence Address:<br>4090 S.W. 146th Terrace<br>Miramar    FL    330207<br>Defendant's Mailing Address:<br>4090 S.W. 146th Terrace<br>Miramar    FL    330207 | 12/01/2000<br>Date of Imposition of Judgment<br>*[signature]*<br>Signature of Judicial Officer<br>**WILKIE D. FERGUSON, JR.,**<br>UNITED STATES DISTRICT JUDGE<br>Name & Title of Judicial Officer<br>12/14/00<br>Date |

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 12/1_

AO 2458 (Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __6__

DEFENDANT: ROBBIE ACEVEDO, (J) 38119-004
CASE NUMBER: 0:00CR06082-001 Ferguson

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __97__ month(s).

As to Count One of the Indictment

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant is incarcerated at an institution ~~as close to~~ *in* South Florida ~~as possible.~~

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ a.m./p.m. on _____.
  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ before 2 p.m. on __03/30/2001__.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant ~~delivered~~ V.S. on __12-03-01__ to __FCI__ at __Yazoo City, MS__, with a certified copy of this judgment.

Khurshed Z. [signature]
WARDEN ~~UNITED STATES MARSHAL~~

By [signature] W. Randle
L/E ~~Deputy U.S. Marshal~~

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __3__ of __6__

DEFENDANT: ROBBIE ACEVEDO, (J) 38119-004
CASE NUMBER: 0:00CR06082-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____3____ year(s).

See Additional Supervised Release Terms - Page 4

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 2458 (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __4__ of __6__

DEFENDANT: ROBBIE ACEVEDO, (J) 38119-004
CASE NUMBER: 0:00CR06082-001

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Office, and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant shall maintain full-time, legitimate employment and is not to be unemployed for a term of more than 30 days unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation including, but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings statements, and other documentation requested by the U.S. Probation Officer.

The defendant shall obtain prior approval from the U.S. Probation Officer before entering into any self-employment.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __6__

DEFENDANT: ROBBIE ACEVEDO, (J) 38119-004
CASE NUMBER: 0:00CR06082-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page __6__ of __6__

DEFENDANT: ROBBIE ACEVEDO, (J) 38119-004
CASE NUMBER: 0:00CR06082-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 29

Criminal History Category: II

Imprisonment Range: 97 to 121 months

Supervised Release Range: 2 to 3 years

Fine Range: $ __15,000.00__ to $ __1,000,000.00__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):