UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6082-CR-GRAHAM

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

**ROBBIE ACEVEDO,**

*Defendant.*
_____/

# DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR REDUCTION OF SENTENCE PURSUANT TO RULE 35

COMES NOW the Defendant, ROBBIE ACEVEDO, by and through his undersigned counsel, and files his response to the Government's Motion for Reduction of Sentence pursuant to Rule 35 as follows:

## Introduction

The Defendant is serving a FORTY EIGHT (48) MONTH sentence as a result of a previous reduction of sentence based on the Defendant's extensive and significant

pro-active substantial assistance to the Government.[1] A further reduction of his sentence is now ripe for consideration by this Honorable Court.

The Government has filed a motion for sentence reduction which requests a ten (10%) reduction of the Defendant's sentence which would reduce the Defendant's sentence by six months to 42 months. The Government's request is unreasonable in that it fails to fairly and accurately reflect the extent, quality, significance, and risk of danger of the Defendant's cooperation.

## Argument

The Government's motion accurately, if briefly, recites the Defendant's substantial assistance. The Defendant was writted to Miami from his designated institution in order to be further debriefed regarding several subjects that the Defendant had previously identified during his original debriefings. The Defendant remained in Miami for almost a year undergoing several interviews by law enforcement agents and awaiting his appearance at the trial of the subjects. He was eventually listed as a witness against several defendants. These defendants, upon learning of the Defendants willingness to testify against them, eventually pled guilty partly as a result of the Defendant's potential testimony. The fact that the Defendant was not required to testify is a testament to the completeness and truthfulness of his

---

[1] A copy of the Government's first motion is attached hereto.

anticipated testimony and therefore should not result in a lesser reduction than a defendant who testifies because the subjects perceive the testimony as weak or inaccurate. Finally, the Defendant has exposed himself and his family to danger as a result of his willingness to testify against these subjects. A reduction of only six months hardly accounts for the significance and usefulness of his assistance and does not account for the risk of danger at all.

The Defendant, who is a thirty one year old, non-violent first offender, is clearly deserving of a greater reduction. He has no history of violent behavior whatsoever. He does have a significant history of substance abuse which certainly contributed to his involvement with drug trafficking. However, with the treatment which has been provided by the prison coupled with the intensive supervision upon his release along with his current efforts to rid himself of the past this Defendant has a real and viable chance to rehabilitate himself.

## Conclusion

A reduction of one-third of his current sentence (from 48 months to 32 months, or sixteen months) will fairly and appropriately reflect the Defendant's substantial assistance to the Government in prosecuting third parties. It will also permit the Defendant the opportunity to continue his rehabilitative efforts and reunite him with his family such that he can emotionally and financially support them. Finally, the

Defendant and counsel would welcome the opportunity to present further argument before this Honorable Court if deemed necessary.

W H E R E F O R E, the Defendant respectfully prays that this Honorable Court grant the Government's motion and reduce the Defendant's sentence to a total of thirty two (32) months.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been furnished to: Christopher Clark, Esquire, Assistant United States Attorney, 99 N.E. 4th St., Suite 600, Miami, FL 33132 by United States Mail, this 9 day of October, 2003.

Respectfully submitted,

**ROJAS & OLIVA, P.A.**
**Attorneys for the Defendant**
**Brickell Bayview Center, Suite 1900**
**80 S.W. 8th Street**
**Miami, Florida 33130**
Tel.:      305.856.6868
Fax.:     305.856.7771
E-Mail:   ruben@rojasoliva.com

By: _____
RUBEN OLIVA, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6082-CR-FERGUSON

UNITED STATES OF AMERICA

v.

ROBBIE ACEVEDO,

              Defendant.
_____/

**NIGHT BOX FILED**

NOV 3 0 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

GOVERNMENT'S MOTION FOR SENTENCE REDUCTION
PURSUANT TO RULE 35, FED. R. CRIM. P.

**COMES NOW** the United States of America, by and through its undersigned Assistant United States Attorney, and respectfully moves this Honorable Court for a reduction in sentence for Defendant Robbie Acevedo, pursuant to Title 18, United States Code, Section 3553(e) and Rule 35, Fed. R. Crim. P. and in support thereof states as follows:

1. On September 26, 2000, Defendant Robbie Acevedo pled guilty to count one of the indictment charging him with conspiracy to possess with intent to distribute MDMA, in violation of Title 21, United States Code, Section 846. On December 1, 2000, Defendant Acevedo was sentenced to serve 97 months' imprisonment followed by 2 years supervised release.

2. Prior to entering his plea, Defendant Acevedo began to cooperate with the United States in the investigation and prosecution of other members of the drug organization. The defendant was a cooperating witness in <u>United States v. Jonathan Kroll, Larry Hall, Howard Smith, and Lisa Norton</u>, Case No. <u>00-6082-CR-FERGUSON(s)</u>. Defendant Acevedo was prepared, thorough and credibly reported to law enforcement the historical events of the drug organization which resulted in the government obtaining a superseding indictment. As a cooperating witness Defendant Creech was one of the key factors in obtaining pleas of guilty by all four defendants in the superseding indicted case. Defendant Acevedo also took part in recent Federal wire tap investigation that has produced the identity of 14 additional narcotics distributors in the Southern District of Florida who are now pending grand jury investigation and indictment.

3. In addition Defendant Acevedo assisted the Fort Lauderdale Police Department in a proactive case involving the arrest of three (3) drug traffickers and the seizure of 3,000 dosage units of MDMA, 1,870 grams of marijuana, one gram of Khetamine, and $8,800 in drug proceeds. Further Defendant Acevedo assisted the DEA in Gainesville, Florida, in the arrest of two (2) drug traffickers and the seizure of ½ Kilogram of cocaine and a hydroponic marijuana grow operation.

3. The United States certifies that Defendant Acevedo has rendered substantial assistance as that term is defined in Rule 35, of the Federal Rules of Criminal Procedure.

4. In connection with this request, the Government notes that, according to F. R. Crim. P. 43(c)(4), a reduction in the defendant's sentence by this Court pursuant to Rule 35(b) does not require the presence of the defendant or the necessity of oral argument on the Motion.

**WHEREFORE**, the United States requests this Court enter an Order reducing Defendant Acevedo's sentence of 97 months' imprisonment by 50% or 48 months' imprisonment in recognition of Defendant Acevedo's continued cooperation.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *Roger W. Powell*
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.: 341411
500 East Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel:(954) 356-7255, Fax: 356-7336

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing Motion on the ___30th___ of November 2001, was mailed to:

Mr. Ruben Oliva, Esq.
Attorney for Defendant Acevedo
2250 S.W. 3rd Avenue, Third floor
Miami, Fl 33129

_____
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY